IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN MUGAVERO,

Petitioner,

v.

DEWAYNE HENDRIX,

Respondent.

Case No. 3:22-cv-01622-HZ

OPINION AND ORDER

John Mugavero
78281-112
FCI Sheridan
Inmate Mail/Parcels
P.O. Box 6000
Sheridan, Oregon 97378

Petitioner, *Pro Se*

Natalie Wight
United States Attorney
John G.M. Coit, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the execution of his federal sentence. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed for lack of exhaustion.

**BACKGROUND**

Petitioner is incarcerated at FCI-Sheridan where he is serving a 120-month sentence for conspiracy to distribute and possession with intent to distribute five or more grams of methamphetamine. On October 21, 2022, Petitioner filed this 28 U.S.C. § 2241 habeas corpus case in which he alleges that the Bureau of Prisons ("BOP") mistakenly placed four pending criminal charges on his Individual Needs Plan ("INP") despite the fact that he had previously resolved those charges. According to Petitioner, the presence of these pending charges on his INP not only prevents him from accruing earned time credits under the First Step Act, but also renders him ineligible for participation in the BOP's Residential Abuse Treatment Program ("RDAP"). He therefore asks the Court to order Respondent to remove the pending charges from his INP. Respondent asks the Court to deny relief on the Petition because: (1) Petitioner has not exhausted his administrative remedies; and (2) his Petition lacks merit.

**DISCUSSION**

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Requiring a petitioner to exhaust administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available

administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id*. Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id*; *United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982).

"Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers*, 669 F.2d at 1253 (citation omitted); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (exhaustion waived where request for administrative remedy initially denied by Community Corrections Office based upon official B.O.P. policy and further appeal would almost certainly have been denied based upon the same policy). Courts should not, however, relax the exhaustion requirement where it "would encourage the deliberate bypass of the administrative scheme." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

The BOP maintains an administrative review process for prisoners that begins with an informal grievance, or BP-8. If an inmate does not achieve satisfactory results from that informal process, he may file a formal complaint with the warden using a BP-9 form. If the BP-9 is unsuccessful, the prisoner can file a Regional Administrative Remedy Appeal (BP-10). Finally, if the BP-10 does not afford Petitioner relief he finds to be satisfactory, he can file a Central Office Administrative Remedy Appeal (BP-11). *See* 28 C.F.R. §§ 542.13-542.15. If the BOP denies relief on the BP-11, the inmate has exhausted his administrative remedies and may file for judicial relief.

In this case, the BOP's administrative remedy program is particularly applicable to the issues Petitioner presents because, as detailed in the BOP's Program Statement 1351.05, he "may submit a written request for correction of records through the [BOP's] Administrative Remedy Program." Brieschke Declaration, Exhibit C, p. 28. Petitioner did not, however, challenge the contents of his INP at any level of the administrative review process. Declaration of Benjamin Brieschke, ¶ 6 & Exhibit B. In his Petition, Petitioner represents that he bypassed the administrative review process because "[t]he appeal process through the Bureau of Prisons would deprive the Petitioner of earned FSA Time Credit during the administrative remedy process and deny him entry in the RDAP program." Petition (#1), p. 4. This is not the case where, contrary to Petitioner's claims, his INP shows that he remains eligible for both earned time credits under the FSA as well as participation in RDAP despite the pending criminal charges. Brieschke Declaration, ¶¶ 8-9 & Exhibit D, p. 2.

Perhaps in light of Respondent's showing that Petitioner remains eligible for earned time credits as well as RDAP placement, in his supporting memorandum Petitioner abandons these justifications for his failure to exhaust. Instead, he asks the Court to conduct an evidentiary hearing where he can question Respondent and attempt to establish proof that BOP members generally conspire to prevent inmates from utilizing the administrative review program at FCI-Sheridan.[1]

---

[1] Petitioner also alludes to the fact that the administrative review program takes time to complete. However, in addition to producing a useful record for subsequent judicial consideration, the administrative review process "promotes efficiency" and "[c]laims can generally be resolved much more quickly and economically in proceedings before an agency that in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Such a process would also certainly be completed well in advance of his scheduled release in 2027.

An evidentiary hearing is not required "if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'" *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001), quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *see also See McDonald v. Johnson*, 139 F.3d 1056, 1060 (9th Cir. 1998) (evidentiary hearing not necessary if a court possesses sufficient facts to make an informed decision). It is uncontroverted that Petitioner did not attempt to raise his issues at any stage of the administrative review process prior to filing this case. He has also not made specific allegations as to why that process is unavailable to him. Petitioner's request for an evidentiary hearing is therefore denied. Where Petitioner has not excused his failure to exhaust his administrative remedies, his Petition for Writ of Habeas Corpus is dismissed.

**CONCLUSION**

The Petition for Writ of Habeas Corpus (#1) is dismissed, without prejudice, for lack of exhaustion.

IT IS SO ORDERED.

March 5, 2023
DATE

Marco Hernandez
Marco A. Hernandez
United States District Judge